# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONJA JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 14-1000 |
| | ) |
| MERCY BEHAVIORAL HEALTH | ) |
| | ) |
| Defendant. | ) |

## Opinion and Order

Plaintiff Tonja Jackson filed this pro se Complaint on July 25, 2014, alleging that Defendant Mercy Behavioral Health ("MBH") violated her civil rights under the health insurance portability and accountability act ("HIPPA").  Presently before the court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  For the reasons stated below, we will grant defendant's motion and dismiss the Complaint.

## I.     Relevant Factual Background

The relevant facts are as follows.  During the relevant time period Plaintiff was a consumer of health services offered by MBH.  Ms. Jackson was enrolled in MBH's Diversion and Acute Stabilization program ("DAS"), described by MBH as "a 30 day residential program to divert consumers from inpatient psychiatric care." D. Br. n.1.  Ms. Jackson alleges that on July 1, 2014. MBH released her medical records to her dentist without her consent by faxing certain medical information to her dentist's office.

Ms. Jackson further alleges that on July 2, 2014, an employee of MBH told her that if she did not sign a consent for the release of the medical records that had already been sent to her dentist, she would be discharged early from the DAS program.  According to Ms. Jackson, she

was not due for release from the DAS program until July 14, 2014. Ms. Jackson alleges that she was discharged three days early from the DAS program on July 11, 2014.

Attached to Ms. Jackson's Complaint is a letter, dated July 18, 2014, sent by MBH to Ms. Jackson. Ex 1. In the letter, Janis Pavlic, MBH's Director of Health Information Management, acknowledges that employees of MBH had faxed Ms. Jackson's medical records to her dentist without first obtaining Ms. Jackson's consent, and explained the circumstances of the breach of information as follows:

> On July 1, 2014 your records were sent to your dentist's office by fax without securing a proper authorization to release the information. As part of our investigation, the information inappropriately faxed by the staff was supposed to be given to you directly to take with you to your appointment should you need that information. Upon identifying that you had left for your appointment without the documents, the staff did not follow the process to release information in accordance with our organization standards. We have taken steps to reinforce proper release of information procedures with our employees.

Id. Ms. Pavlick also notes that Ms. Jackson reported the breach of privacy to MBH's compliance officer on July 14, 2014. Id

Ms. Jackson alleges that by releasing her information without her consent MBH violated HIPPA and then unlawfully retaliated against her by discharging her from the DAS program when she would not sign an after-the-fact consent for the release of information.

## II. Standards of Review

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid

2

complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,'

but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); *see also* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997). When a Rule 12(b)(6) motion to dismiss contains and relies on matters outside the pleadings, and the court does not exclude these matters, instead it must be treated as a motion for summary judgment. In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir.1999); DeTore v. Local 245, 615 F.2d 980 (3d Cir. 1980) (if a motion involves matters of fact outside the pleadings, then it must be treated as a motion for summary judgment). However, in adjudicating motions to dismiss, courts can consider materials integral to the complaint without converting the motion to one for summary judgment. In re Burlington Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir.1997).

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

**III.    Discussion**

MBH first argues that we should dismiss the Complaint because we lack subject matter jurisdiction over actions related to HIPPA because such actions are within the exclusive jurisdiction of the Department of Health and Human Services and the Department of Justice's Office of Civil Rights ("OCR"). D. Br. 2, citing 45 C.F.R. §§ 160, 164, and Higdon v. Cannon, 2012 WL 424965 (E.D. Tenn. 2012). MBH also States that "it is undisputed that OCR has the exclusive responsibility for enforcing healthcare privacy laws, including the alleged HIPPA violations in this action." D. Br. 3, citing Larmanger v. Kaiser Foundation Health Plan of Northwest, 895 F.Supp.2d 1033, 1036 n.3 (D. Ore. 2012). Further, MBH argues that dismissal is appropriate because HIPPA does not confer a private right of action on individuals. D. Br. 3 (citing several cases in support of this argument).

MBH also argues that the Complaint fails to state a claim upon which relief can be granted because the allegations in the Complaint do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

Ms. Jackson's response does not address the substance of any of the above arguments. Instead, Ms. Jackson asserts that she has followed MBH's internal guidelines on resolving complaints and grievances. She further asserts that she has contacted the OCR, the Department of Health and Human Services, HIPPA compliance officers, as well as the Chief Executive Officer and Chief Operating Officer of MBH about the unauthorized release of her medical information.

We agree with MBH that we lack subject matter jurisdiction over this action to the extent Ms. Jackson asserts a claim of a violation of HIPPA. "HIPAA provides for confidentiality of medical records and governs the use and disclosure of protected health information by covered

5

entities that have access to that information and that conduct certain electronic health care transactions." Burton v. Rite Aid Pharm., 2010 WL 1924478, at *2 (D. Del. May 12, 2010), citing Sneed v. Pan Am. Hosp., 2010 WL 971894, at *2 (11th Cir. Mar. 18, 2010) (citing 45 C.F.R. § 164.502).

"HIPAA provides both civil and criminal penalties for improper disclosures of medical information and limits enforcement of the statute to the Secretary of Health and Human Services." Burton, 2010 WL 1924478, at *2, citing Sneed, 2010 WL 1924478, at *2 (citing 42 U.S.C. §§ 1320d–5(a)(1), 1320d–6). However, "HIPAA does not provide a private right of action to remedy HIPAA violations." Polanco v. Omnicell, Inc., 988 F. Supp. 2d 451, 468 (D.N.J. 2013), citing Mebuin v. United States, 2013 WL 5411145, at *9 (D.N.J. Sept. 25, 2013). "The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA complaint, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens." Polanco, 988 F. Supp. 2d at 469.

Both the Mebuin and the Burton Courts observed that although the Court of Appeals for the Third Circuit has not addressed this issue, every other federal court to address it has determined that there is no private right of action under HIPAA. Mebuin, 2013 WL 5411145, at *9 ("Although the Court of Appeals for the Third Circuit has not addressed the question, every other federal Circuit Court to consider the matter has found that HIPAA provides neither an express nor an implied private right of action to an aggrieved patient" (citing cases)); Burton, 2010 WL 1924478, at *2 ("Third Circuit has not specifically addressed the issue of whether there is an express or implied private right of action under HIPAA. However, other federal appellate and district courts, including this district, have held that there is no such right" (citing cases)).

Because Ms. Jackson asserts a HIPAA violation as a private citizen, and because such actions are within the exclusive jurisdiction of the Department of Health and Human Services and the OCR, we do not have subject matter jurisdiction over her claim.

We also determine that Ms. Jackson has failed to state a claim upon which relief can be granted for retaliation. She has not alleged that she has engaged in a federally recognized protected activity by refusing to sign an after-the-fact consent for release of her medical information, or that she has suffered a substantial adverse action such as the loss of a right, privilege, or immunity secured by the Constitution or laws of the United States, by being released from the DAS program on July 11th instead of July 14th. In other words she is not able to show that she had a protected right to complete the DAS program.

Accordingly, we will grant Defendant's motion to dismiss for lack of subject matter jurisdiction and dismiss the Complaint.

## IV. Conclusion

It is too bad that Ms. Jackson's medical information was released to her dentist without her authorization or consent, but the intent had been for her to carry it in. It seems apparent that Ms. Jackson's concern is not only about the privacy violation but also her belief that she was unfairly and wrongfully released from the DAS program early. It also seems apparent that MBH and its employees have been, and are, willing to direct Ms. Jackson to the proper OCR forms for filing a complaint with the OCR.

Because we conclude that we lack subject matter jurisdiction over this action we will dismiss the Complaint. Because we are also granting the motion to dismiss for failure to state a claim upon which relief can be granted, we "must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State

Hosp., 293 F.3d 103, 108 (3d Cir.2002)). In this case, it is clear that a curative amendment would be futile as Ms. Jackson has no private right of action under HIPAA and she would not be able to state a claim for retaliation.

Date: January 28, 2015

Maurice B. Cohill, Jr.
Senior United States District Court Judge

## ORDER

AND NOW, to-wit, this 28 day of January 2015, for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss (ECF No. 7) is GRANTED because we lack subject matter jurisdiction.

IT IS FURTHER ORDERED that the claims asserted against Mercy Behavioral Health are hereby DISMISSED and this action shall be marked CLOSED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Tonja Jackson, pro se
710 North Avenue
Apartment #302
Pittsburgh, PA 15212

8